# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA DIGMAN, et al., | CASE NO. 1:11-cv-01901-AWI-SKO |
| Plaintiffs, | |
| v. | **ORDER ON PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW** |
| BRIAN CUMMINGS, et al., | (Doc. 39) |
| Defendants. | |
| _____/ | |

**I.  INTRODUCTION AND BACKGROUND**

This case was transferred to this Court from the Northern District of Texas on November 16, 2011.  (Doc. 29.)  A scheduling conference was set for March 20, 2012.  (Doc. 30.)  On March 14, 2012, the Court issued an order continuing the scheduling conference to May 17, 2012, to allow Plaintiffs Eva Digman and Red Canyon Transport, LLC (collectively "Plaintiffs") additional time to associate local counsel or otherwise obtain a representative who is eligible to practice law in California and is a member of the Bar of this Court because Plaintiffs' current counsel is not admitted to practice in this jurisdiction.  (Doc. 36.)

1      On May 10, 2012, Defendant Transwest Capital, Inc. filed a Scheduling Report indicating
2 that Plaintiffs had not participated in drafting the mandatory Scheduling Report and did not appear
3 to have retained or otherwise associated counsel admitted to practice in this jurisdiction or before
4 this Court. (Doc. 37.) In failing to participate in submitting a Joint Scheduling Report that was due
5 on May 10, 2012, Plaintiffs failed to comply with the Court's November 16, 2011, order, which
6 requires that a *Joint* Scheduling Report be submitted by both parties one (1) full week prior to the
7 Scheduling Conference. (Doc. 30, 2:22-25.)

8      On May 15, 2012, the Court issued an order to show cause why this action should not be
9 recommended for dismissal for failure to comply with the Court's Orders or, alternatively, Plaintiffs
10 were to retain counsel who was to file a notice of appearance on behalf of Plaintiffs. The Court
11 noted that Plaintiff Red Canyon Transport, LLC is an artificial entity that may not proceed in federal
12 court without counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("a corporation
13 may appear in the federal courts only through licensed counsel"). (Doc. 38.)

14      On May 25, 2012, Plaintiffs' current counsel, Michael Warner, Esq., filed a motion to
15 withdraw as attorney of record. (Doc. 39.) Mr. Warner indicated that he is not licensed to practice
16 law in California and has been unable to find counsel in California. (Doc. 39, ¶ 3.) Mr. Warner also
17 indicated that "Plaintiffs approve the substitution" and that "Plaintiffs will be filing a Motion to
18 Dismiss Without Prejudice pro se." (Doc. 39, ¶ 4.)

### II. DISCUSSION

20      The U.S. District Court for the Eastern District of California's Local Rule 182(d) provides
21 that, where an attorney seeks to withdraw leaving the client *in propria persona*, "[t]he attorney shall
22 provide an affidavit stating the current or last known address or addresses of the client and the efforts
23 made to notify the client of the motion to withdraw." In this case, Plaintiffs' counsel appears to have
24 notified his client of his motion to withdraw, but no proof of service indicating that the motion was
25 served on Plaintiffs has been filed. For this reason, the motion to withdraw cannot be considered.
26 Plaintiffs' counsel may supplement his motion with a proof of service that Plaintiffs have been served
27 with the motion to withdraw, **and** provide the Court with Plaintiffs' last known addresses so that
28 service of any subsequent Court orders may be made on Plaintiffs.

As to Plaintiffs' counsel's statement that Plaintiffs intend to file a request for dismissal without prejudice, once an answer or a motion for summary judgment has been filed, an action may not be dismissed voluntarily without a court order unless all appearing parties have stipulated to the dismissal. Fed. R. Civ. P. 41(a)(1)(A)(ii). In the absence of a stipulation by all appearing parties, a plaintiff wishing to voluntarily dismiss a case after an answer or summary judgment has been filed may seek an order of the court dismissing the action. Fed. R. Civ. P. 41(a)(2). Here, Plaintiffs' complaint has been answered (Docs. 14, 15), and Plaintiffs are required to obtain a stipulation for dismissal from Defendant Transwest Capital, Inc., the remaining defendant, or to file a request for dismissal, subject to court approval.

Accordingly, within ten (10) days from the date of this order, Plaintiffs' counsel may supplement his motion to withdraw by filing a proof of service of the motion on Plaintiffs and provide the Court with Plaintiffs' last known address. Further, the Court will provide Plaintiffs thirty (30) days to file a request or stipulation for dismissal if they elect to do so.[1] Alternatively, Plaintiff Eva Digman may file a statement indicating that she wishes to proceed *in propria persona* or enter an appearance of counsel admitted to practice in California and before this Court. Plaintiff Red Canyon Transport, LLC may file a notice of appearance of counsel, as is required for an artificial entity to proceed in federal court.

The Court's May 15, 2012, order to show cause will remain pending for thirty (30) days. If Plaintiffs and Plaintiffs' counsel fail to take any action as discussed above, this case will be recommended for dismissal.

### III. CONCLUSION AND ORDER

As set forth above, IT IS HEREBY ORDERED that:

1. **Within ten (10) days from the date of this order**, Plaintiffs' counsel shall supplement his motion to withdraw as specified in this order;

2. **Within thirty (30) days from the date of this order**, Plaintiffs shall **either**:

    a.  Obtain a stipulation of dismissal or file a request for dismissal; **or**

---

[1] Counsel has indicated that Plaintiffs wish to file a request or stipulation for dismissal.

       b.    Retain counsel who shall file a notice of appearance on behalf of Plaintiff Red Canyon Transport, LLC, and indicate whether Plaintiff Eva Digman wishes to proceed *in propria persona* or has obtained counsel admitted to practice in this jurisdiction and before this Court; and

3.    If Plaintiffs fail to take any action as provided in this order, the Court will rule on the pending order to show cause and will recommend that this case be dismissed.

IT IS SO ORDERED.

Dated:   **June 8, 2012**                          /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE